<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATAULLAH MOMAND, | |
| Petitioner, | Case No. 2:26-cv-01551 (BRM) |
| v. | |
| LUIS SOTO, *et al.*, | **OPINION** |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Ataullah Momand's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his prolonged detention under 8 U.S.C. § 1225(b)(1) violates his constitutional rights. (ECF No. 1.) Respondents filed a letter answer. (ECF No. 4.) Having reviewed and considered the parties' submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause having been shown, Petitioner's Petition is **GRANTED**.

## I.    BACKGROUND

On December 31, 2024, Petitioner, a citizen of Afghanistan, entered the United States without inspection. (ECF No. 1 at 7.) At that time, Petitioner was detained by the Department of Homeland Security ("DHS") at the Port Isabel Detention Center in Texas. (*Id.*) Petitioner expressed fear of returning to his country and was afforded a credible fear interview. (*Id.*) The asylum officer found Petitioner had a credible fear and transferred his case to immigration court to determine if Petitioner qualified for asylum. (*Id.*; ECF No. 4 at 1–2.)

Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). (*Id.*) Following a hearing, the Immigration Judge ("IJ") denied Petitioner all relief and ordered him removed to Afghanistan. (*Id.*; ECF No. 4-4.) Following his hearing, Petitioner was transferred to Delaney Hall in Newark, New Jersey. (*Id.*) Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which remains pending. (*Id.*)

On February 17, 2026, Petitioner filed the Petition arguing, among other things, his continued detention since December 31, 2024 without a bond hearing is unconstitutionally prolonged and violates due process. (*See generally id.*) Respondents filed a response. (ECF No. 4.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.   DECISION

In his Petition, Petitioner argues his detention of fifteen months is unreasonably prolonged and violates the Due Process Clause. (ECF No. 1 at 8–14.) The Court agrees.

In *Jennings v. Rodriguez*, the Supreme Court held "nothing in the statutory text [of § 1225(b)] imposes any limit on the length of detention" and nothing in the statute "says anything whatsoever about bond hearings." 583 U.S. 281, 297 (2018). Although *Jennings* held the plain language of 8 U.S.C. §§ 1225(b), 1226(c), and 1226(a) does not require periodic bond hearings every six months, *id.* at 297–306, the Court did not determine whether noncitizens subjected to prolonged detention under those statutes are entitled to bond hearings as a matter of due process. *See id.* at 312.

Subsequently, in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210 (3d Cir. 2020), the Third Circuit recognized "an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause [of the Fifth Amendment]." Thus, where a noncitizen is mandatorily detained pending removal proceedings under 8 U.S.C. § 1226(c), the Due Process Clause demands a bond hearing once detention has become "unreasonably long." *Id.* at 210–11. This is a "'highly fact-specific' inquiry" without a bright line. *Id.* at 210 (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015)).

Under the *German Santos* test, a district court evaluating the constitutionality of prolonged detention under 8 U.S.C. § 1226(c) must consider the following factors: (1) the length of detention; (2) the likelihood of whether detention under the statute is likely to continue; (3) the reasons for the delay which caused the petitioner's detention to become prolonged including whether either party made errors in bad faith or out of carelessness which unnecessarily prolonged removal proceedings; and (4) whether the "conditions of confinement are 'meaningfully different[]' from criminal punishment." *German Santos*, 965 F.3d at 210–12 (quoting *Chavez-Alvarez*, 783 F.3d at 478).

The first factor—the length of detention—is the most important factor and should be accorded the greatest weight in the weighing of the length of a petitioner's detention. *Id.* at 211. In *Diop v. ICE/Homeland Security*, the Third Circuit explained detention "becomes more and more suspect" after five months and held the two-year-and-eleven-month detention of an alien who had been granted withholding of removal was unreasonable. 656 F.3d 221, 233–34 (3d Cir. 2011). In *Chavez Alvarez*, the Court held a lawful permanent resident's detention became unreasonable sometime between six months and one year. 783 F.3d at 478.

The Third Circuit examined German Santos's two-and-one-half year's detention and determined, "[g]iven its length, likelihood of continuing, and conditions, [the detention had] become unreasonable." *Id.* at 212. The Third Circuit explained it was likely German Santo's detention would continue, as his appeal before the BIA was still pending, and he would thereafter seek review of the BIA's decision by the court of appeals. *See id.* The Court found no evidence of bad faith by the government or by German Santos, so "this factor [did] not favor either side." *Id.* Finally, the Court noted German Santos was detained "alongside convicted criminals since late 2017" and "[d]espite its civil label, his detention is indistinguishable from criminal punishment." *Id.* at 212–13.

No particular number of months marks the border between constitutional and unconstitutional detention, but some guidelines can be gleaned from the case law. Courts within this district have previously found detention for over one year can violate due process. *See Felix S. v. Decker,* Civ. A. No. 20-1414, 2020 WL 1527982, at *4 (D.N.J. Mar. 31, 2020) (14 months); *Charran R. v. Barr*, Civ. A. No. 19-16070, 2020 WL 219872, at *4 (D.N.J. Jan. 14, 2020) (21 months); *Pryce v. Green*, Civ. A. No. 18-3501, 2019 WL 2118785, *4 (D.N.J. May 15, 2019) (22 months); *Oscar B. v. Warden, Essex Cnty. Corr. Facility*, Civ. A. No. 18-11524, 2019 WL 1569822,

4

at \*3 (D.N.J. Apr. 10, 2019) (16 months); *Thomas C. A. v. Green*, Civ. A. No. 18-1004, 2018 WL 4110941, at \*5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, Civ. A. No. 18-3436, 2018 WL 3742631, at \*4 (D.N.J. Aug. 7, 2018) (19 months).

*German Santos* addressed the due process rights of permanent residents detained under § 1226(c). And "[n]either the United States Supreme Court nor the Court of Appeals for the Third Circuit has directly addressed whether arriving aliens detained under § 1225(b) have the same due process right to a bond hearing" after unreasonably prolonged detention. *C.B. v. Oddo*, Civ. A. No. 3:25-cv-00263, 2025 WL 2977870, at \*5 (W.D. Pa. Oct. 22, 2025); *Pierre v. Doll*, 350 F. Supp. 3d 327, 331 (M.D. Pa. 2018) ("[N]either the Supreme Court nor the Third Circuit has addressed whether due process requires a detainee, being held pursuant to § 1225(b), to receive a bond hearing following a certain period of detention, and this Constitutional issue remains expressly undecided."). However, Courts in this circuit have applied the test in *German Santos* in analyzing prolonged detention under § 1225(b). *See C.B.*, 2025 WL 2977870, at \*5 (finding 10-month detention unreasonably prolonged after weighing the other factors); *Frank B. v. Green*, Civ. A. No. 19-346, 2020 WL 1673026, at \*4 (D.N.J. Apr. 6, 2020) (finding 11-month detention unreasonable); *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442 (D.N.J. 2019) (finding nearly 20-month detention unreasonable).

The Court applies *German Santos* to determine if Petitioner's mandatory detention has become unreasonably prolonged and now violates his due process rights. As noted above, Petitioner has been detained pursuant to § 1225(b)(1) since December 2024, or fifteen months. The length of Petitioner's detention weighs in his favor. Petitioner's appeal to the BIA remains pending, and as such, his detention is likely to continue. The length of Petitioner's detention does not appear to be attributable to any unnecessary delay or bad faith on the part of Petitioner or the

government. Petitioner has been actively pursuing his legal remedies. Petitioner's conditions of confinement are not meaningfully distinguishable from criminal punishment. "Given its length, likelihood of continuing, and conditions, [Petitioner's detention] has become unreasonable." *German Santos*, 965 F.3d at 212.

For the reasons stated above, the Court will grant Petitioner's § 2241 Petition. The Court directs the Government to provide Petitioner with a bond hearing before an immigration judge, where the Government bears the burden of proof to justify detention by clear and convincing evidence. *See German Santos*, 965 F.3d at 213 ("We have already held that the Government bears the burden of proof. That burden, we now hold, is to justify detention by clear and convincing evidence.").

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**, and Petitioner shall receive a bond hearing before an immigration judge within seven days. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: March 24, 2026

6